IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LESLIE J. REYNARD | ) |
| *Plaintiff,* | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| WASHBURN UNIVERSITY OF TOPEKA | ) **JURY TRIAL DEMANDED** |
| | ) |
| *Defendant,* | ) |

## COMPLAINT

Plaintiff Leslie J. Reynard, and through counsel under Limited Scope Representation as permitted pursuant to D. Kan. Rule 83.5.8, and alleges as follows for her cause of action against Defendant Washburn University of Topeka ("Washburn"):

### NATURE OF THE CLAIM

1. This action for legal and equitable relief arises under, and the jurisdiction of this Court is invoked, pursuant to §706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e – 3(a), Title VII, and the Civil Rights Act of 1991.

### THE PARTIES

2. Plaintiff is a female citizen of the United States. At all times relevant herein she has been employed by Defendant Washburn in Topeka, Kansas as a tenured full professor in the Communications Department of the College of Arts and Sciences while teaching classes also in some years in Defendant Washburn's School of Business.

3. Defendant Washburn is a municipal subdivision of the State of Kansas, is an

1

institution of higher learning, and receives both Federal and State funding, and is responsible for creating, adopting, and implementing the policies, practices, and customs regarding the rights and duties of its employees, including the Plaintiff.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because all of the events giving rise to Plaintiff's claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

6. On or about August 14, 2018, Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission regarding discrimination based on her sex or gender and age.

7. On or about November 15, 2018, Plaintiff filed a second timely Charge of Discrimination with the EEOC raising, among other claims, retaliation under Title VII of the Civil Rights Act of 1964, as amended.

8. On or about November 20, 2018, the EEOC issued a right-to-sue notice for the second charge, which Plaintiff received on or about November 24, 2018.

9. This action is brought pursuant to the second charge and has been filed with this Court within 90 days of Plaintiff's receipt of her right-to-sue notice from the EEOC for the second charge.

10. The Plaintiff has satisfied all requirements to administratively exhaust the retaliation claim brought in the second Charge of Discrimination.

## STATEMENT OF FACTS

11. The Plaintiff began her employment at Washburn in August 2007.

12. Throughout the Plaintiff's employment she has been a tenure-track or tenured professor and received tenure in 2010.

13. Throughout her employment the Plaintiff has taught courses in the Communication Studies Department in Washburn's College of Arts and Sciences.

14. In August, 2015, the Plaintiff began to also teach a course in Washburn's School of Business.

15. The Plaintiff continued to teach the course in the School of Business through the Fall 2017 semester.

16. Throughout her tenure at Washburn, Plaintiff had consistently received the highest possible scores on her performance evaluations.

17. In the Spring of 2018, Plaintiff again received the highest possible score on her performance evaluation.

18. In April, 2018 and on repeated occasions no later than August of 2018, Plaintiff announced her intent to her Department Chair Mary Pilgram that she would be filing a Charge with the EEOC against Washburn raising claims of sex discrimination under Title VII of the Civil Rights Act, and violations of the Equal Pay Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. The Plaintiff eventually filed her first Charge of Discrimination on August 14, 2018.

19. On or about April 14, 2018, the Plaintiff submitted information to the EEOC for the purpose of filing a Charge against the Defendant. On or about April 21, 2018, the Plaintiff, thinking that the submission effected the filing of a Charge, informed Department Chair Pilgram that she had filed a charge with the EEOC against Washburn.

20. Between April and mid-May, 2018, Washburn, its employees and agents began

soliciting negative comments from students about two courses that the Plaintiff was then teaching.

21. Washburn did not solicit or record positive comments or comments from students who spoke positively about the courses, but focused solely on five comments that could be used against the Plaintiff. Washburn did not factor in the data from the student evaluation system, known as the SIR-2, which rated the Plaintiff very high compared with national averages.

22. On July 5, 2018, Department Chair, Mary Pilgrim, sent an email to the Plaintiff telling her, "As you know, there have been some complaints about you that have been investigated. Now we would like to meet with you to discuss the findings. Please let me know your availability on these days: July 11, 12, 13 or July 16, 17, 18."

23. The Plaintiff responded to the email that same day saying, "I was not aware of any complaints other than the baseless one by the student who did not want to do the semester project. Can you tell me what these are specifically? Should issues such as these be managed according to the process set out in the Faculty Handbook? Can you also tell me the specific purpose and objectives of the proposed meeting? As you are aware, I have an EEOC filing in progress, so it is likely that I would need to get legal counsel prior to scheduling a meeting related to any alleged performance issues."

24. In early September, the Defendant placed the Plaintiff on a Performance Improvement Plan ("PIP"), despite having never received anything but the highest possible annual evaluation scores, including in the Spring of 2018.

25. Viewing the PIP as a tool being used to try to terminate the Plaintiff her for announcement that she intended to file an EEOC charge and the actual filing of it, the Plaintiff refused to sign the PIP.

26. The Plaintiff was stunned when she was then told by Dean of the College of Arts and

Sciences Laura Stephenson while being coerced to sign the PIP, "You don't have to agree with it. You just have to sign it."

27. The Plaintiff did not agree with the claims in the PIP and refused to sign it. She instead stated that she had always sought to meet the highest quality in her teaching and courses and would continue to do so, and she was told that if she did so that she would satisfy the PIP.

28. But the PIP has been used to create inordinate stress, hyper-scrutiny and nitpicking by Washburn administrators to look for the smallest mistakes for which Plaintiff could be terminated for failing to satisfy the PIP. And, this again, despite having always attained the highest evaluation scores every year of teaching at Washburn prior to filing the EEOC charge.

29. The Plaintiff also, for the first time, has been relieved of her responsibility and authority for overseeing the enrollment of the graduate course she has been teaching since its inception a few years ago. Those students now may only enroll with the prior approval from the Department Chair who manages the entire process at her sole discretion.

30. During the months following the imposition of the PIP, the Plaintiff's mental and physical health has been impacted negatively because of the needless and invasive conduct toward her by Washburn.

## CAUSE OF ACTION

## COUNT I

## TITLE VII – RETALIATION

31. The Plaintiff hereby incorporates by reference Paragraphs 1 through 30 above as though fully set forth herein.

32. The Plaintiff engaged in protected activity of reporting sex, gender and disability

Discrimination, retaliation and Equal Pay Act violations and filing a Charge with the EEOC for those same issues.

33. A reasonable employee would be dissuaded from making or supporting a Charge of Discrimination after announcing an intent to file a Charge, after filing a Charge and then being placed on a Performance Improvement Plan after engaging in that protected activity.

34. The Performance Improvement Plan was materially adverse to the Plaintiff.

35. The Defendant retaliated against the Plaintiff for engaging in protected activity.

36. There was a causal connection between the Plaintiff's engaging in protected activity and the retaliation in violation of 42 U.S.C. 2000e—3(a), Title VII.

WHEREFORE, Plaintiff prays for judgment against the Defendant for back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, Social Security contributions, an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, reimbursement of past and future medical expenses, punitive damages, pre- and post-judgment interest, for her reasonable attorneys' and expert fees, and for litigation costs, all in excess of $75,000 and for such other and further relief as the Court may deem just and reasonable.

## JURY TRIAL DEMANDED

Plaintiff respectfully requests that the issues in this matter be heard by a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Topeka, Kansas as the place of trial of this matter.

Respectfully submitted,

| | |
|---|---|
| */s/ Theodore J. Lickteig #12977* | */s/ Robert K. Collins #22675* |
| Law Offices of Theodore J. Lickteig | Collins Law Office, LLC |
| 12760 West 87th Street, Suite 112 | P.O. Box 4786 |
| Lenexa, Kansas 66215 | Olathe, Kansas 66063 |
| 913-894-1090 | 913-583-7472 |
| tjllawoffice@planetkc.com | robert@collinslegal.com |

*Attorneys for Plaintiff Under Limited Representation Rule*