THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LESLIE J. REYNARD,<br><br>               Plaintiff,<br>v.<br><br>WASHBURN UNIVERSITY OF TOPEKA,<br><br>               Defendant. | Case No. 5:19-CV-04012-HLT-TJJ |

**PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER AND TO QUASH DOCUMENT REQUEST**

Plaintiff, pursuant to Federal Rules of Civil Procedure, 26(c)(1), and 30(b)(4) seeks a protective order and an order quashing the document portion of the deposition notice *duces tecum* notice requiring 1) that Plaintiff's deposition be taken by videoconference, and 2) that Defendant's request for documents in the deposition notice be quashed. In support of her Motion, Plaintiff states as follows:

**INTRODUCTION**

Plaintiff, Leslie J. Reynard, Ph.D., is a former professor in the Communications Department at Washburn University. She has pending employment claims against Washburn for disability discrimination and for retaliation. Dr. Reynard is in her 70's, and has numerous health concerns, including chronic-acute Epstein Barr virus, fibromyalgia, probable myalgic encephalomyelitis (chronic fatigue syndrome), complex migraine/probable reversible cerebral vascular syndrome (RCVS), erosive esophagitis, and deteriorating vision in left eye (which will

require surgery) which makes driving dangerous.  All of these physical conditions, other than the failing vision, result in a weakened, compromised immune system. Dr. Reynard's husband is also in his 70's, and he is currently undergoing chemotherapy for aggressive inoperable stage four cancer. Plaintiff is the primary caregiver for her husband.  *See* Exhibit 1, Declaration of Leslie Reynard.  Given their respective health considerations, directives from the CDC have advised them to significantly limit their contact with others during the COVID-19 pandemic.

Per Rule 26(c)(1), Plaintiff seeks a protective order regarding Doc. 58, a notice of deposition filed by Defendant's counsel. Counsel for Defendant has requested that Plaintiff appear live in counsel's office in Topeka, Kansas for her deposition.  However, given the current pandemic, Plaintiff cannot appear live for her deposition without significantly increasing her risk and her husband's risk of contracting the virus, which, given their age and their comorbidities, could be deadly.  For these reasons, good cause exists for the Court to enter a protective order requiring that the deposition of Plaintiff be taken by videoconference.

Further, Defendant has served a deposition notice *duces tecum* on Plaintiff which contains requests for documents that are far more broad than what it is entitled to receive under the rules of discovery.   Because the document requests are not proportionate to the needs of the case, and because Plaintiff has responded in full to Defendant's previous document requests, this court should issue an order quashing Defendant's new request.

**DISCUSSION**

**Protective Order**: "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Roberts v. Shawnee Mission Ford, Inc.,* 352 F.3d 358, 362 (8th Cir. 2003). This broad discretion applies to a district court deciding the time and place of a

deposition. *See In re Standard Metals Corp.*, 817 F.2d 625. 628 (10th Cir. 1987); *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012); *McKinzie v. Brown*, 2010 WL 750069, at *1 (E.D. Mo. 2010). *See also* Fed. R. Civ. P. 26(c)(1)(B) (the court may, for good cause, issue a protective order "specifying terms, including time and place, for the disclosure or discovery") and Fed. R. Civ. P. 30(b)(4)(clearly permitting video depositions). Under Rule 26(c), "good cause" exists to issue a protective order when the order is needed to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."

In this case, given the COVID-19 pandemic, good cause for a protective order exists. First, Plaintiff's age alone puts her at a significantly higher health risk of severe illness from the virus. The CDC has issued guidance indicating that people aged 65 and older are designated high risk. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Second, as Judge Valerie Caproni of the Southern District of New York noted, "evidence continues to accumulate that, depending on the length of time for which individuals share an indoor space, merely maintaining a distance of six feet is likely insufficient to prevent transmission." *Joffee v. King & Spalding* LLP, 17 Civ. 3392 Doc. 239, at * 7 (citing a May 27, 2020 article in *Science, "Reducing Transmission of SARS-CoV-2.").* Third, Plaintiff's own health problems detailed in Exhibit 1 add additional risk of severe illness or death were she to contract the virus. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Fourth, Plaintiff's husband's immunocompromised state from his chemotherapy puts him at significant risk of severe illness or death if he were to contract the virus. *See id.* Given how easily the virus is known to spread among people, any exposure to the virus Plaintiff may have at Defendant's office could be deadly for her husband or her.

Due to the nature of videoconference depositions, Defendant will not be prejudiced by

3

the requested protective order. As Judge Waxse noted in *Shockey*, because a deponent's nonverbal responses and demeanor can be observed during a videoconference deposition, parties are not disadvantaged by such depositions. *See Shockey, 280 F.R.D. at 602*. In fact, Federal district courts have ordered the use of videoconference depositions to minimize safety risks during the pandemic. *See, e.g., Learning Resources, Inc. v. Playgo Toys Enterprises, Ltd.,* 2020 WL 3250723 at *2-3 (N.D. Ill. June 16, 2020); *Yoon v. Lee,* 2020 WL 2946503 at *4 (C.D. Cal. June 3, 2020) and *Djurdjevich v. Flat Rate Movers, Ltd,* 2020 WL 2319119 at * 2 (S.D.N.Y May 8, 2020). Further, in other contexts, Federal courts have encouraged the use of videoconference depositions. *See Gee v. Suntrust Mortgage*, 2011 WL 5597124, at *3 (N.D. Cal. 2011) (quoting *Fanelli v. Centenary College*, 211 F.R.D. 268, 270 (D.N.J. 2002) ("[p]arties routinely conduct depositions via videoconference, and courts encourage the same, because doing so minimizes travel costs and 'permits the jury to make credibility evaluations not available when a transcript is read by another'"). Thus, Defendant will not suffer any prejudice were it to take Plaintiff's deposition by videoconference. Further, to the extent Defendant does suffer prejudice from not taking Plaintiff's deposition live, the potentially life-threatening burdens to Plaintiff's health and the health of her husband far outweigh any prejudice Defendant may suffer.[1]

**Narrow Document Request**: In this case, the deposition notice *duces tecum* is too broad and presents an undue burden for Plaintiff. "The standard scope of discovery as applied to a subpoena[2] is the same standard found in Rule 26(b)(1), which allows parties to, in part, 'obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense

---

[1] Plaintiff has updated and improved her wifi connection to ensure that a videoconference deposition will be successful.

[2] Defendant did not serve a deposition subpoena on Plaintiff. However, the law on subpoenas is instructive on this point.

and proportional to the needs of the case.'" *See Schumacher v. Hardwoods Specialty Prod., US, LP,* No. 18-4130-HLT-KGG, 2019 WL 4689459, at *6 (D. Kan. Sept. 26, 2019), citing *Erickson, et al. v. Sprint Sol., Inc.*, No. 16-MC-212-JWL-GEB, 2016 WL 2685224, *3 (D. Kan. July 12, 2016) (citations omitted).  In this case, in response to document requests served on Plaintiff, she has already provided all documents in her possession related to the material claims in the lawsuit. To require her to produce

> "any and all documents relating to Washburn University of Topeka and deponent employment with Washburn University of Topeka, and any and all records relating to her claims and factual allegations asserted by deponent in any and all Complaints or Amended Complaints filed in Case No. 19-CV-4012 and Case No. 19-CV-4061 and/or any complaints or charges of discrimination filed before the EEOC that form the underlying administrative basis for allegations and claims in the aforementioned case numbers."

without any time limitations and without limiting the request to the material allegations in this lawsuit is to unduly burden Plaintiff with the obligation to produce documents unrelated to this lawsuit.  Because Plaintiff has already responded to Defendant's specific document requests, Defendant's request for additional documents pertaining to Defendant or to Plaintiff's employment with Defendant, without any time limitation, and without any restriction to documents that may be related to the claims and defenses in this case, should be quashed.

## GOOD FAITH EFFORTS

Pursuant to Rule 26(c)(1), counsel for Plaintiff verifies that good faith efforts were made to resolve this issue with defense Wounsel prior to seeking the requested protective order. Exhibit 2, Declaration of Mark V. Dugan.

5

## CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that this Court enter a protective order requiring that the deposition of Plaintiff be taken by videoconference and that Defendant's request for documents in its deposition notice be quashed.

                                          Respectfully submitted,

                                          /s/ *Heather J. Schlozman*
                                          **DUGAN SCHLOZMAN LLC**
                                          Mark V. Dugan Ks. Bar # 23897
                                          mark@duganschlozman.com
                                          Heather J. Schlozman Ks. Bar # 23869
                                          heather@duganschlozman.com
                                          8826 Santa Fe Drive, Suite 307
                                          Overland Park, KS 66212
                                          Telephone: (913) 322-3528
                                          Fax: (913) 904-0213

                                          And

                                          /s/ *Phillip M. Murphy II*
                                          **LAW OFFICE OF PHILLIP M. MURPHY II LLC**
                                          Phillip M. Murphy II Ks. Bar # 23770
                                          phillip@phillipmurphylaw.com
                                          4717 Grand Ave., Ste. 250
                                          Kansas City, MO 64112
                                          Telephone: (913) 661-2900
                                          Fax: (913)-312-5841
                                          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on June 23, 2020, this document was filed on the court's ECF system which sent notice to:

> Timothy A. Schultz
> GOODELL STRATTON EDMONDS & PALMER LLP
> tshultz@gseplaw.com
> 515 S. Kansas Ave.
> Topeka, KS 66603
> Telephone: (785) 233-0593
> Fax: (785) 233-8870

                                        /s/ *Heather J. Schlozman*
                                        Counsel for Plaintiff