IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LESLIE J. REYNARD,

      **Plaintiff,**

      v.

WASHBURN UNIVERSITY OF TOPEKA,

      **Defendant.**

Case No. 5:19-cv-04012-HLT-TJJ

## MEMORANDUM AND ORDER

Plaintiff Leslie Reynard appears pro se[1] and brings employment-discrimination claims against Defendant Washburn University of Topeka. Plaintiff now moves to voluntarily dismiss her claims without prejudice under Fed. R. Civ. P. 41(a)(2) so she can pursue remedies in state court. Doc. 106. Defendant opposes the motion. Doc. 107.

The Court finds that the factors favor dismissal with conditions, so the Court grants the motion subject to the following conditions: (1) Defendant receives costs as the prevailing party, and (2) the Court retains jurisdiction to award Defendant any duplicative attorneys' fees and expenses expended in subsequent litigation. Plaintiff has until November 19, 2021 to withdraw her motion to dismiss without prejudice if she determines these conditions are too onerous. Absent a motion to withdraw by the deadline, the Court will dismiss this case in accordance with this order.

**I.    BACKGROUND**

Plaintiff filed her original complaint on February 18, 2019. Doc. 1. She later filed at least two other related cases, which were consolidated with this case. Doc. 75. Defendant moved to

---

[1] Because Plaintiff proceeds pro se, her pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

dismiss, which the Court denied, Docs. 39, 51, and Defendant deposed Plaintiff. Doc. 70. Plaintiff subsequently moved to stay the case pending resolution of some ongoing administrative proceedings, which the magistrate judge granted on October 13, 2020. Docs. 78, 81. Defendant coordinated with Plaintiff and submitted monthly status reports during the stay. Docs. 83, 85, 88, 89, 90, 91, 92, 97. While the case was stayed, Plaintiff attempted to unilaterally dismiss this case, which the Court ruled was improper. Docs. 93, 96. The Court informed Plaintiff that any future attempts to dismiss the case must be either agreed to by Defendant or made in a properly supported motion.

Shortly after the magistrate judge lifted the stay on August 13, 2021, Plaintiff moved to voluntarily dismiss this case without prejudice. Doc. 106. Defendants ask this Court to either deny the motion or to grant the motion with conditions. *See* Doc. 107.

## II.   STANDARD

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). The rule prevents voluntary dismissals that unfairly affect the defendant and permits a court to impose curative conditions to limit legal prejudice to the defendant. *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021).

Legal prejudice is based on the following non-exhaustive factors: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation. *Id.* "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). A court should ordinarily

grant a motion for voluntary dismissal when there is no legal prejudice to the defendant. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).

## III.   ANALYSIS

The Court must determine whether Defendant would be legally prejudiced if the Court granted the motion to dismiss and whether any curative conditions could relieve the prejudice.

The Court first examines the first and fourth factors: Defendant's expense in preparing for trial and the litigation stage. Discovery closes on December 31, 2021. Doc. 103. Plaintiff argues that although a few years have passed since she first filed her complaint, the parties have done little preparatory work other than deposing Plaintiff. Doc. 106 at 5. This is not entirely correct. Although the case was stayed from approximately mid-October 2020 to mid-August 2021, Defendant claims the parties have exchanged over 3,500 pages of documents. Docs. 81, 102, 107 at 7. Defendant also asserts it has been preparing for additional discovery and motions to compel. Doc. 107 at 7. Defendant further claims it has spent over $44,500 on discovery and trial preparation. *Id.* Thus, Defendant argues that it has put considerable effort and expense into litigating this case. *Id.* at 7-8.

While the Court is cognizant that Defendant has already expended a sizeable amount of effort in litigating this case, this does not preclude dismissal. "When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for [its] attorneys' fees because [it] faces a risk that the plaintiff will refile the suit and impose duplicative expenses." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997). It is typical for a court to condition dismissal without prejudice on a plaintiff paying the defendant's costs and duplicative attorneys' fees. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002). Thus, any prejudice Defendant might suffer under these two factors can be cured by imposing conditions

3

on Plaintiff (discussed below) that she pay Defendant costs and any duplicative expenses at the end of a subsequent lawsuit. *See Atl. Specialty Ins. Co. v. Midwest Crane Repair, LLC*, 2020 WL 6581380, at *3 (D. Kan. 2020).

The second and third factors in determining legal prejudice consider whether there has been excessive delay and lack of diligence on the part of Plaintiff and whether the Plaintiff has given sufficient explanation for the need for dismissal. Plaintiff argues that she has been diligent in pursuing her case despite having her counsel withdraw. Doc. 106 at 6. She further asserts that she has met all deadlines and cooperated with Defendant in submitting monthly status reports during the stay. Defendant counters that Plaintiff is the cause for any delay in this case. Doc. 107 at 8-9. According to Defendant, Plaintiff drew out scholastic administrative proceedings so she could keep receiving her salary even though she had no intention to work at Washburn again. *Id.* Only after Plaintiff lost her internal appeal and her pay had ceased did she move to dismiss this case after the stay was lifted. *Id.* at 9. Regarding Plaintiff's reason for dismissal, she wishes to pursue state-court remedies once she has exhausted administrative remedies related to her termination as a professor at Washburn. *See* Doc. 106 at 6. Based on this, Defendant argues that Plaintiff admits that she is forum shopping, and this factor adds to the legal prejudice it will face if the Court grants the motion to dismiss without prejudice. Doc. 107 at 10.

Here, Plaintiff moves to dismiss over two years after she filed her complaint and with discovery ending soon. This case has already been consolidated with two other federal cases and there have been six scheduling/status conferences. The parties have provided at least eight status updates, and Defendant has deposed Plaintiff. This case is not in the early stages, but it is also not in the late stages. About two months of discovery remain, the summary-judgment deadline has not passed, no dispositive motions are pending, and trial has not been set. Plaintiff has not excessively

4

delayed or displayed a lack of diligence before this Court such that denial of her motion to dismiss is warranted. *Cf. Ohlander*, 114 F.3d at 1542 (holding that the plaintiff's contempt of a court order did not warrant denying a motion to dismiss). As for her reason for seeking dismissal, "[t]he possibility that [a plaintiff] may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice." *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).[2] Thus, having considered the equities of the parties, the Court grants Plaintiff's motion to dismiss. But dismissal will be subject to the conditions outlined below to remove the prejudice to Defendant.[3]

First, Defendant is awarded costs as the prevailing party under Rule 54. *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Loc. 2021*, 69 F.3d 456, 456 (10th Cir. 1995). The Court is aware of Plaintiff's pro se status and cautions Plaintiff that costs include expenses such as printing, copying, and transcript fees. 28 U.S.C. § 1920. It is not uncommon in a case such as this for a defendant to request up to <u>a few thousand dollars</u> in costs (and occasionally in the tens of thousands). Plaintiff would owe Defendant whatever costs are approved by the Court if she dismisses this case.

Second, dismissal without prejudice is conditioned on Plaintiff paying Defendant for duplicative fees and expenses incurred in any subsequent litigation. *See Atl. Specialty*, 2020 WL

---

[2] The Court makes no representation that Plaintiff's federal claims can be refiled in a state forum. *See Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (holding that a voluntary dismissal without prejudice under Fed. R. Civ. P. 41 leaves the parties as though the action had never been brought, and does not toll Title VII's limitations period), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

[3] Plaintiff also argues that dismissal is warranted under *Younger v. Harris*, 401 U.S. 37 (1971). *See* Doc. 106 at 7-12. Federal courts are generally obliged to decide cases within their jurisdiction. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Abstention is mandatory, however, in three categories of state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669-70 (10th Cir.), *cert. denied*, 141 S. Ct. 850 (2020). Plaintiff does not articulate how any mandatory abstention category applies, so the Court declines Plaintiff's invitation to abstain under *Younger*.

6581380, at *3. Once again, the Court cautions Plaintiff that Defendant claims it has already spent over $44,500 on discovery and trial preparation. In total, Defendant claims to have over $120,000 in fees and expenses. Plaintiff is forewarned that duplicative fees and expenses could be in the <u>tens of thousands of dollars</u>. If Defendant incurs duplicative attorneys' fees and expenses in a subsequent lawsuit, it may move this Court for reimbursement of those duplicative fees and expenses at the end of the subsequent lawsuit(s). Defendant must make a detailed showing of the fees and expenses it believes are duplicative. *See id.* The Court will retain jurisdiction over the limited issue of attorneys' fees and expenses arising from this action.[4] *Hill v. Pope*, 2009 WL 321789, at *4 (D. Colo. 2009) (citing *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1553 (10th Cir.1996)) (dismissing the case but retaining jurisdiction to determine attorneys' fees and expenses). Although the amount of duplicative fees and expenses cannot be determined at this stage, Plaintiff is again cautioned that this amount could be in the tens of thousands of dollars depending on the nature of any subsequent case she brings and given the amount of money already spent by Defendant.

Plaintiff has the right to withdraw her motion to dismiss if she determines these conditions are too onerous. *See id.* at *5. The Court gives Plaintiff until November 19, 2021 to withdraw her motion. If she withdraws her motion, this case will continue. If Plaintiff does not withdraw her motion, the Court will grant the motion to dismiss this case without prejudice under the conditions outlined in this order, specifically that Plaintiff will (1) be required to pay Defendant's costs incurred in this case and (2) be required to pay duplicative fees and expenses incurred by Defendant in any subsequent litigation.

---

[4] Defendant requests separate attorneys' fees for the time it spent preparing status reports while this case was stayed. Doc. 107 at 18. The Court declines to award attorneys' fees apart from the conditions in this order. *See Brown*, 413 F.3d at 1124 (noting the court must consider the equities facing the plaintiff and not just the defendant).

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's motion to dismiss without prejudice is DEFERRED. Plaintiff has until November 19, 2021 to withdraw her motion to dismiss without prejudice. If Plaintiff has not withdrawn her motion by that time, the Court will grant the motion to dismiss the case without prejudice subject to the conditions in this order.

IT IS SO ORDERED.

Dated: November 5, 2021                    /s/  *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE