UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LESLIE J. REYNARD,
                              Plaintiff,

v.                                                    Case No. 19-4012-HLT
                                                            LEAD CASE

WASHBURN UNIVERSITY OF
TOPEKA,
                              Defendant.
_____

LESLIE J. REYNARD,
                              Plaintiff,

v.                                                    Case No. 19-4061-HLT

WASHBURN UNIVERSITY OF
TOPEKA,
                              Defendant.
_____

LESLIE J. REYNARD,
                              Plaintiff,

v.                                                    Case No. 20-2219-HLT

WASHBURN UNIVERSITY OF
TOPEKA,
                              Defendant.
_____

## MEMORANDUM AND ORDER

This case is before the Court on two motions: Plaintiff's Motion for Permission to Proceed *In Forma Pauperis* (ECF No. 132) and Plaintiff's Motion for Appointment of Counsel (ECF No. 133). The case is in its final stages; the Court has entered a Pretrial Order (ECF No. 131), Defendant has filed a motion for summary judgment (ECF No. 136), and the case is set for trial in January 2023. Plaintiff's deadline to respond to the motion for summary judgment is May 11, 2022.

The Court finds, based on Plaintiff's financial affidavit, that—from this date forward—Plaintiff qualifies to proceed *in forma pauperis*. At the time she filed this case, Plaintiff was able to afford the filing fees, but Plaintiff has now demonstrated a change in circumstances sufficient to allow her to proceed *in forma pauperis* for the duration of the case. The Court therefore grants Plaintiff's motion (ECF No. 132) but does not authorize reimbursement or refund of fees previously paid.[1]

The Court next considers Plaintiff's request to appoint counsel. While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[2] Plaintiff brings civil claims under Title VII, the ADA, and the ADEA. For employment discrimination cases under Title VII, the Court may appoint counsel "in such circumstances as the court may deem just."[3] The ADA incorporates the "powers, remedies, and procedures" set forth in sections 2000e-4 through 2000e-9 of Title VII, including the provision for appointing counsel for a plaintiff.[4] The ADEA has no provision for appointment of counsel, but in the absence of such statutory authority, the general authority for requesting appointment under 28 U.S.C. § 1915(e)(1) may govern when a litigant

---

[1] *See Weaver v. United States*, No. 96-4033-SAC, 1998 WL 214721, at *1 (D. Kan. Feb. 17, 1998).

[2] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[3] 42 U.S.C. § 2000e-5(f)(1) states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

[4] 42 U.S.C. § 12117(a).

proceeds *in forma pauperis*.[5]

The Tenth Circuit has identified the following relevant factors for evaluating motions for the appointment of counsel in Title VII cases: "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of discrimination."[6] In addition, a fourth factor, "plaintiff's capacity to present the case without counsel" should be considered in close cases as an aid in exercising discretion.[7] The factors under § 1915(e)(1) are substantially similar: (1) the claims' merits, (2) the nature of the factual issues, (3) the plaintiff's ability to present his/her claims, and (4) the complexity of the legal issues involved or raised.[8] The court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[9]

Reviewing Plaintiff's motion under the above-referenced factors, the Court finds that Plaintiff's request for the appointment of counsel should be denied. First, it does appear that Plaintiff is unable to afford counsel, and she has shown diligence in attempting to secure an

---

[5] *Rand v. Wolf Creek Nuclear Oper. Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[6] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[7] *Id.*

[8] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[9] *Castner*, 979 F.2d at 1421.

attorney. Certainly, it appears Plaintiff has approached multiple attorneys and made significant efforts to retain counsel over the past year. While both of these factors weigh in favor of appointing counsel, the Court also finds it worth noting that, during the course of this litigation, Plaintiff has been represented by two sets of capable attorneys. She was unable to continue the relationship with either set, and the second set of counsel moved to withdraw based on "irreconcilable differences in how to manage the ongoing litigation."[10] Candidly and with all due respect, the Court has concerns whether Plaintiff would be able to successfully negotiate a relationship with another attorney, particularly at this stage of the case with trial approaching and potentially costly summary judgment briefing due.

The other factors weigh against appointment of counsel in this case. Plaintiff has shown herself more than capable of self-representation. She has meaningfully participated in the case, shown an ability to understand and apply the law, and she knows the factual basis for her claims intimately. Plaintiff's efforts in drafting and revising the parties' proposed Pretrial Order demonstrated to the undersigned judge her understanding of the case and a strong ability to prosecute it without the aid of an attorney. Plaintiff is obviously very bright. Indeed, her ability to adapt, modify contentions, and comply with the directions of the Court were impressive and appreciated. Moreover, the two motions presently before the Court demonstrate a competence in researching the law and applying it to the facts of this case. Both are well-briefed and thoroughly supported.

The facts of the case—while protracted—are not unusually complicated, and the governing law is not complex. The merits of Plaintiff's claims will be determined in the coming months, and

---

[10] ECF No. 59 at 1.

the Court declines to speculate at length on them here. Suffice it to say, however, that the merits are not such that the Court believes appointment of counsel is necessary or appropriate—particularly when Plaintiff has shown such a strong ability to advocate on her own behalf. In fact, at this stage, appointment of counsel would likely delay resolution of Plaintiff's claims, as counsel would need time to "get up to speed" and develop an understanding of the case that Plaintiff has already mastered. Furthermore, the number of attorneys who have declined to represent Plaintiff in some capacity (limited or otherwise) suggests to the Court that the potential merits do not justify the significant undertaking it would require to take over prosecution of Plaintiff's claims shortly before trial. Plaintiff represents that none of the attorneys she contacted indicated they found the case to be meritless.[11] The Court does not question Plaintiff's representation, but the number of attorneys who have declined to take the case on a contingent basis or otherwise weigh against a finding that the merits of Plaintiff's case justify appointment of counsel *pro bono*.

Finally, Plaintiff suggests throughout her briefing that her health concerns may support the need for appointment of counsel. The Court disagrees that Plaintiff's health has compromised her ability to adequately prosecute her case. To the contrary, Plaintiff has demonstrated an ability to overcome obstacles and continue battling her former employer. She remains mentally astute and has shown a firm conviction in pursuing her claims. She has shown a consistent ability to advocate on her own behalf. The Court does not find that Plaintiff's health necessitates appointment of counsel.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Permission to Proceed *In Forma Pauperis* (ECF No. 132) is granted.

---

[11] ECF No. 133 at 9.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 133) is denied.

Dated April 27, 2022, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge